942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Gordon TORNBERG, Defendant-Appellee.
 No. 90-50143.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1991.
Decided Sept. 3, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and SMITH, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 The United States appeals the district court's judgment of acquittal notwithstanding the verdict in favor of Gordon Tornberg, a former Deputy United States Marshal, on two counts of allegedly accepting illegal gratuities in violation of 18 U.S.C. 201(g). The indictment originally charged Tornberg with four counts in violation of 18 U.S.C. 201(g). The district court granted Tornberg's pretrial motion to dismiss one count of illegally accepting a $700 check because it was barred by the statute of limitations. Another count of accepting a $300 cash payment was dismissed at the close of the government's case. Of the remaining two counts, the district court found that the prosecution failed to introduce sufficient evidence to support Tornberg's conviction.[1] We agree and affirm.
 
 
 4
 Tornberg served as a supervisory deputy for the United States Marshal. As part of his official duties, he oversaw a contract that the Marshal's office had with Lyons Security, a private security firm owned by Joseph Rydzewski, which helped the Marshal's office seize and guard assets. During the time in which the contract was in force, Rydzewski gave Tornberg and his wife several loans and gifts, employed Mrs. Tornberg as a guard for Lyons Security and paid for at least a substantial portion of the Tornbergs' legal services in their dispute with their landlord. Tornberg contended that he believed, and Rydzewski admittedly led him to the belief, that he and Rydzewski had become friends and that the assistance Rydzewski provided resulted from this friendship. In fact, there were objective circumstances in connection with each transaction that might have supported a good-faith belief that friendship was the motivating factor.
 
 
 5
 The government's case was based on Rydzewski's testimony. At trial, Rydzewski told the jury that the fact that Tornberg held the supervisory position in the Marshal's office influenced his decision to maintain a facade of friendship and to help the Tornbergs financially. He repeatedly testified, however, that he never indicated these motivations to either of the Tornbergs. The defendant testified to the latter point also, as did his wife.
 
 
 6
 In accordance with Rule 29(c), the district judge granted Tornberg's Motion for Judgment of Acquittal Notwithstanding the Verdict, concluding that there was insufficient evidence from which a jury could reasonably conclude beyond a reasonable doubt that Tornberg knew the gratuities were given because of his acts as a Deputy United States Marshal. It was the prosecution's obligation to show such knowledge on Tornberg's part. See United States v. Brewster, 408 U.S. 501, 527 (1972); Massa v. Department of Defense, 815 F.2d 69 (Fed.Cir.1987). It simply failed to do so. The critical evidence on the key point--defendant's knowledge--was offered by the government's key witness; that testimony supports the defendant's position rather than the prosecution's. Finally, we note that at the time the district judge granted the motion for judgment of acquittal notwithstanding the verdict, he suggested that the jury might have been influenced by the strength of the evidence against a co-defendant; he also suggested that he probably should have granted the defendant's pre-trial severance motion.
 
 
 7
 Because there was insufficient evidence from which a jury could reasonably conclude beyond a reasonable doubt that Tornberg had actual knowledge, the judgment of acquittal entered by the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided Circuit Rule 36-3
 
 
 [1]
 The jury found Tornberg guilty of 1) accepting a $300 check on April 3, 1984 from Rydzewski and 2) accepting $2165 in the form of the payment of legal fees; in violation of 18 U.S.C. § 201(g), now codified at 201(c), which provides that "[W]hoever ... being a public official ... directly or indirectly demands, seeks, receives, accepts or agrees to receive or accept anything of value personally for or because of any official act performed or to be performed by such official or person" shall be fined or imprisoned for a maximum of two years